**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAS DELEO,<br><br>              Plaintiff,<br><br>        v.<br><br>NATIONAL REPUBLICAN<br>SENATORIAL COMMITTEE,<br><br>              Defendant. | Case No. 2:21-cv-03807 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant National Republican Senatorial Committee's (the "NRSC") Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 20.) Plaintiff Thomas Deleo ("Deleo") opposed the Motion (ECF No. 22), and the NRSC replied (ECF No. 24). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the NRSC's Motion to Dismiss is **GRANTED.**

## I.   BACKGROUND

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Deleo. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court applies this same standard on a motion to dismiss for lack of standing. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving

party.") (citing *Warth v. Seldin*, 422 U.S. 490 (1975)). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter arises out of an alleged violation of § 227(b) and § 227(c) of the Telephone Consumer Protection Act ("TCPA" or "Act"), 47 U.S.C. § 227 *et seq*. The NRSC is a political organization that raises money for senatorial candidates. (Am. Compl. (ECF No. 17) ¶ 13.) Deleo is a resident of New Jersey. (*Id.* ¶ 5.) Since May 2009, Deleo's cell phone number has been registered on a "Do Not Call" registry to avoid unwanted calls and text messages. (*Id.* ¶¶ 10–11, 16, 23, 28.) In March 2020, Deleo began receiving text messages soliciting campaign donations on at least seventeen instances. (*Id.* ¶ 17.) Deleo contends he never consented to receive text messages from the NRSC. (*Id*. ¶¶ 15, 30.) Deleo claims the text messages sent to him were made with an automatic telephone dialing system ("ATDS"). (*Id.* ¶ 28.) According to Deleo, the NRSC uses a dialing system that "calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers." (*Id.* ¶ 25.) Deleo also alleges "upon information and belief, the dialing system used by [the NRSC] has the capacity to call or store numbers using a random or sequential number generator." (*Id.* ¶ 26.) Deleo asserts the unsolicited texted messages were "annoying, disruptive, frustrating and an invasion of his privacy." (*Id*. ¶ 22.)

On March 2, 2021, Deleo filed his initial Complaint. (ECF No. 1.) On April 2, 2021, the NRSC filed its original motion to dismiss. (ECF No. 9.) On May 3, 2021, Deleo filed an Amended Complaint (ECF No. 17), resulting in the original motion to dismiss being administratively terminated (ECF No. 18). The Amended Complaint asserted two Counts: violation of § 227(b) of the TCPA and violation of § 227(c) of the TCPA. (ECF No. 17 ¶¶ 23–31.) On May 17, 2021, the

NRSC filed a motion to dismiss Deleo's Amended Complaint. (ECF No. 20.) On June 7, 2021, Deleo filed an opposition to the motion to dismiss (ECF No. 22), and, on June 24, 2021, the NRSC replied (ECF No. 24). On August 12, 2021, Deleo submitted a notice of supplemental authorities in further opposition to the NRSC's motion to dismiss. (ECF No. 29.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1) because standing is a matter of jurisdiction. *Ballentine*, 486 F.3d at 810 (citing *St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F. 3d 232, 240 (3d Cir. 2000) ("The issue of standing is jurisdictional."); *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 733 (3d Cir. 1970) ("[W]e must not confuse requirements necessary to state a cause of action . . . with the prerequisites of standing.")); *New Hope Books, Inc. v. Farmer,* 82 F. Supp. 2d 321, 324 (D.N.J. 2000).

"Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine*, 486 F.3d at 810 (citing *Warth v. Seldin*, 422 U.S. 490 (1975); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003)). Nevertheless, on a motion to dismiss for lack of

standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F. 3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). However, "general factual allegations of injury resulting from the defendant's conduct may suffice" at the pleading stage. *Lujan*, 504 U.S. at 561.

Article III "standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

As in *Spokeo*, "[t]his case primarily concerns injury in fact, the '[f]irst and foremost' of standing's three elements." *Id.* at 1547 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). A "particularized" injury is one that affects the plaintiff "in a personal and individual ways." *Id.* (citations omitted). In addition to showing particularization, an injury-in-fact must also be concrete. *Id.* "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* (explaining that "[w]hen we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term — 'real,' and not 'abstract.'"). Therefore, concreteness is distinct from particularization. *Id.*

4

In *Spokeo*, the Supreme Court held intangible injuries can be concrete and, under certain circumstances, the risk of real harm can also satisfy the requirement of concreteness. *Id*. at 1549. However, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. As such, a plaintiff may "not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.")) (additional citation omitted).

**B.    Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 548 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a

court may consider certain narrowly defined types of material without converting the motion to

dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec.*

*Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral*

*to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426

(emphasis added) (quoting *Shaw*, 82 F.3d at 1220).

## III.  DECISION

The NRSC argues Deleo's Amended Complaint must be dismissed for the following

reasons: (1) Deleo lacks standing because he has not pleaded a sufficient Article III injury; and (2)

the Amended Complaint lacks factual allegations sufficient to raise a right to relief above the

speculative level. (ECF No. 20 at 1–2.) The Court addresses each in turn.

### A.    Article III Standing

The NRSC argues Deleo lacks Article III standing because he fails to allege an injury-in-

fact. (ECF No. 20 at 4.) Specifically, the NRSC contends Deleo "fail[s] to explain how the alleged

text message(s) caused him *any* aggravation or nuisance." (*Id.*) The NRSC asserts Deleo "only

claims that the messages were 'annoying, disruptive, frustrating, and an invasion of privacy,'

without offering any facts in support of those allegations."[1] (*Id.* at 7.) Deleo argues the Amended

Complaint sufficiently alleges an injury-in-fact because "annoyance from unwanted calls or texts

is sufficient to establish concrete injury-in-fact." (ECF No. 22 at 12.) Specifically, Deleo asserts

the Amended Complaint "articulate[s] why the text messages were unwanted, and that he found

---

[1] To the extent the NRSC attacks the sufficiency of the pleadings regarding the alleged injury, it is improper for the Court to consider the merits as part of a Rule 12(b)(1) challenge to standing. *See Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016) ("We have repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits."). Notwithstanding, the Court will address the sufficiency of the pleadings in its Rule 12(b)(6) analysis, *infra* III.B.

them to be annoying, disruptive and invasive- that is the type of injury the TCPA was enacted to prevent." (*Id.* at 12–13.) The Court agrees with Deleo.

On the issue of Article III standing in the TCPA context, the Third Circuit reiterated a concrete injury has been pleaded "[w]hen one sues under a statute alleging 'the very injury [the statute] is intended to prevent,' and the injury 'has a close relationship to a harm . . . traditionally . . . providing a basis for a lawsuit in English or American courts." *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 351 (3d Cir. 2017) (quoting *In re Horizon Healthcare Services Inc. Data Breach Litigation,* 846 F.3d 625, 639–40 (3d Cir. 2017)). In *Susinno*, the Third Circuit found assertions of nuisance and invasion of privacy from a single prerecorded call were exactly the type of harm Congress intended to prevent with the passage of the TCPA. *Id*. With respect to the relationship between the alleged injury and the traditional harm, the Third Circuit explained "when Congress found that '*unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients*,' . . . it sought to protect the same interests implicated in the traditional common law cause of action [for intrusion upon seclusion]." *Id.* at 352 (emphasis added) (quoting *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)). Therefore, the Third Circuit held an allegation of a single unsolicited call sufficiently alleged "a concrete, albeit intangible, harm" to establish Article III standing in a TCPA case. *Id.*; *see Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) ("The TCPA's prohibition on automated dialing applies to both voice calls and text messages."); *Manuel v. NRA Grp. LLC*, 722 F. App'x 141, 145–46 (3d Cir. 2018); *Fleming v. Associated Credit Servs., Inc.*, 342 F. Supp. 3d 563, 570 (D.N.J. 2018); *see also Van Patten*, 847 F.3d at 1043 ("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 463 (7th Cir. 2020)

("[U]nwanted text messages can constitute a concrete injury-in-fact for Article III purposes."), *cert. denied*, No. 20-209, 2021 WL 1521010 (U.S. Apr. 19, 2021); *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 88 (2d Cir. 2019) (holding the plaintiffs' "receipt of the unsolicited text messages, sans any other injury, is sufficient to demonstrate injury-in-fact").

Here, Deleo has sufficiently pleaded an injury-in-fact to establish standing to pursue his TCPA claim. Deleo alleges he "placed his cell phone number on the Do Not Call registry due to his desire for solitude and a desire to be free of unwanted calls and text messages" (ECF No. 17 ¶ 11), he never consented to receiving text messages from the NRSC (*id.* ¶ 15), and he received seventeen text messages that he found to be annoying, frustrating, and an invasion of his privacy (*id.* ¶¶ 16, 22). Taken as true, the allegations convey "the very injury [the TCPA] is intended to prevent" and a harm closely related to traditional common law claims for intrusion upon seclusion. *Susinno*, 862 F.3d at 351. Moreover, to the extent the NRSC argues Deleo fails to explain how the text messages caused him any aggravation or nuisance, an alleged violation under the TCPA "need not allege any additional harm beyond the one Congress has identified." *Spokeo*, 136 S. Ct. at 1549. The mere fact Deleo alleges he received unsolicited and intrusive text messages is sufficient to establish a concrete harm that Congress identified and sought to redress with the TCPA.[2]

---

[2] *See Leyse v. Bank of Am. Nat'l Ass'n*, 856 F. App'x 408, 411 (3d Cir. 2021) ("[T]he TCPA is intended to prevent harm stemming from nuisance, invasion of privacy, and other such injuries. Therefore, [a plaintiff] must allege one of those injuries that the TCPA is intended to prevent."); *Van Patten*, 847 F.3d at 1043 (finding two unwanted text messages constituted a concrete injury under the TCPA because they "present the precise harm and infringe the same privacy interests Congress sought to protect"); *Rando v. Edible Arrangements Int'l, LLC*, Civ. A. No. 17-701, 2018 WL 1523858, at *3 (D.N.J. Mar. 28, 2018) (finding a plaintiff alleging she received unwanted text messages adequately asserted a concrete injury under the TCPA for standing purposes); *Zelma v. Penn LLC*, Civ. A. No. 19-8725, 2020 WL 278763, at *6 (D.N.J. Jan. 17, 2020) (finding the allegation of receiving six unsolicited text messages was sufficient to establish standing under the TCPA).

Accordingly, Deleo's allegations are sufficient to give rise to Article III standing.[3] *Susinno*, 862 F.3d at 346. Because Deleo sufficiently pleaded injury-in-fact, the NRSC's motion to dismiss pursuant to Rule 12(b)(1) for lack of standing is **DENIED**.

**B.    Failure to State Claim Pursuant to Rule 12(b)(6)**

**1.    § 227(b) of the TCPA**

The NRSC argues the Amended Complaint fails to state a claim for relief under § 227(b) of the TCPA because it lacks plausible facts to indicate the NRSC sent the alleged messages using an ATDS. (ECF No. 20 at 10.) Specifically, the NRSC contends the Amended Complaint fails to allege: (1) an ATDS was used to send the text messages in question; and (2) the text messages were actually sent by the NRSC. (*Id.* at 13.) Deleo asserts without the benefit of discovery, he has sufficiently pled a viable claim under § 227(b) of the TCPA. (ECF No. 22 at 2.) Specifically, Deleo argues the Amended Complaint contains sufficient factual basis, at this stage of litigation, to infer

---

[3] Further, to the extent NRSC argues Deleo is a "serial plaintiff" who falls outside of the "zone of interested to be protected by the TCPA" (ECF No. 20 at 8–10), the Court need not reach the issue at this time, and even if true, it is not dispositive to standing. The Court cannot assume Deleo is a serial plaintiff seeking to "weaponiz[e] the TCPA to make a living" merely because he filed three other lawsuits that raise similar allegations. (*Id.* at 9.) It is equally plausible Deleo is an aggrieved plaintiff zealously seeking to enforce his rights under the TCPA. *See Abante Rooter & Plumbing v. Creditors Relief*, Civ. A. No. 20-3272, 2020 WL 9397554, at *3 (D.N.J. Dec. 10, 2020) (rejecting the serial plaintiff argument "at this early stage of the proceeding, and on the slim evidentiary record presented . . . despite the many other lawsuits they apparently have filed"); *Shelton v. Nat'l Gas & Elec., LLC*, Civ. A. No. 17-4063, 2019 WL 1506378, at *4 (E.D. Pa. Apr. 5, 2019) (rejecting the professional plaintiff argument and noting "[w]ith the benefit of discovery, Defendant may ultimately be able to establish its position, but dismissal would be improper at this stage given the lack of evidence to substantiate Defendant's claims"); *Abramson v. Oasis*, Civ. A. No. 18-479, 2018 WL 4101857, at *5 (W.D. Pa. Aug. 28, 2018) (rejecting the argument the plaintiff's "prolific history of filing TCPA lawsuits . . . demonstrates the lack of an injury-in-fact"); *Abramson v. CWS Apartment Homes, LLC*, Civ. A. No. 16-426, 2016 WL 6236370, at *3 (W.D. Pa. Oct. 24, 2016) (rejecting the argument that serial plaintiff's "pursuit of his rights under the [TCPA] in other lawsuits demonstrates the lack of an injury"). Accordingly, at this stage of litigation, the Court cannot conclude Deleo is the type of plaintiff that falls outside the zone of interests intended to be protected by the TCPA.

use of an ATDS. (*Id*. at 15.) Deleo also claims "the Amended Complaint in this matter attaches 17 text messages, many of which specifically identify the NRSC in the body of the text." (*Id*. at 10 n.5.)

Congress enacted the TCPA "to protect individual consumers from receiving intrusive and unwanted calls." *Gager*, 727 F.3d at 268. The TCPA prohibits a party from using an ATDS "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," unless the call falls within one of the statute's enumerated exemptions.[4] 47 U.S.C. § 227(b)(1)(B). The TCPA provides, *inter alia*, "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] . . . to any telephone number assigned to a . . . cellular telephone service" is a violation of the Act and the receiver of the call(s) may be entitled to injunctive relief and statutory damages. 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(3). "[A]utodialed calls—to both cellular phones and land-lines—are lawful so long as the recipient has granted permission to be called at the number which they have given, absent instructions to the contrary." *Gager*, 727 F.3d at 268 (citations omitted). "The TCPA's prohibition on automated dialing applies to both voice calls and text messages." *Id.* at 269 n.2.

To state a cause of action under the TCPA, a plaintiff must allege: "(1) the defendant called a cellular telephone number; (2) using an [ATDS]; (3) without the recipient's prior express consent." *Martinez v. TD Bank USA*, Civ. A. No. 15-7712, 2017 WL 2829601, at *4 (D.N.J. June 30, 2017) (citations omitted). The TCPA defines an ATDS as "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number

---

[4] The exemptions include "calls that are not made for a commercial purpose" and commercial calls that "do not include the transmission of any unsolicited advertisement." 47 U.S.C. § 227(b)(2)(B).

generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). A plaintiff must plead facts that support a finding that the defendant used an ATDS in such a manner that violates the TCPA. "To satisfy this element, courts permit the allegation of an automatic system to be pled on information or belief, but require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device." *Norman v. Sito Mobile Sols.*, Civ. A. No. 17-2215, 2017 WL 1330199, at *3 (D.N.J. Apr. 6, 2017); *see In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) (finding the complaint sufficient when plaintiffs stated that they "received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers").

Courts, including courts within this District, have found a bare allegation that a defendant used an ATDS is insufficient to state a TCPA claim. *See, e.g., Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511 (D.N.J. 2014); *see also, e.g., Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, Civ. A. No. 15-10058, 2015 WL 5818911, at *3 (E.D. Mich. July 31, 2015), *report and recommendation adopted*, 2015 WL 5818860, at *1 (E.D. Mich. Aug. 31, 2015) (noting plaintiff must provide "at least some [] detail regarding the content of the messages or calls, thereby rendering the claim that an ATDS was used more plausible"); *Baranski v. NCO Fin. Sys., Inc.*, Civ. A. No. 13-3449, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (noting that "the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough'"); *Curry v. Synchrony Bank, N.A.*, Civ. A. No. 15-322, 2015 WL 7015311, at *2 (S.D. Miss. Nov. 12, 2015); *Brailey v. F.H. Cann & Assocs., Inc.*, Civ. A. No. 14-0754, 2014 WL 7639909, at *8 (W.D. La. Dec. 5, 2014). Accordingly, a plaintiff must provide "at least some [] detail regarding the content of the messages or calls, thereby rending the claim that an ATDS was used more plausible." *Aikens*, 2015 WL 5818911, at *3.

"No single fact in particular must necessarily be present or absent to meet the sufficiency requirement for pleading the use of an ATDS in a TCPA claim; courts have considered the nature of the message, the length of the sending number, the number of messages, and the relationship between the parties." *Mogadam v. Fast Eviction Serv.*, Civ. A. No. 14-01912, 2015 WL 1534450, at *3 (C.D. Cal. Mar. 30, 2015). Alleging receipt of text messages from a "short code," for example, may be sufficient to render a plaintiff's claimed ATDS use more plausible. *See Zemel v. CSC Holdings, LLC*, Civ. A. No. 18-2340, 2018 WL 6242484, at *4 (D.N.J. Nov. 29, 2018) (finding allegations of detailed content and short code was sufficient to plausibly infer the defendant used an ATDS); *see also Davis v. D.R. Horton*, Civ. A. No. 19-1686, 2020 WL 1244848, at *2 (D. Del. Mar. 16, 2020) (finding the plaintiff's allegations "that she received impersonal text messages and that they were sent using a vanity short code" sufficient); *Legg v. Voice Media Group, Inc.*, 990 F. Supp. 2d 1351, 1354 (S.D. Fla. 2014) (finding allegations the defendant sent mass text messages from a "short code," that the defendant was present in over 50 major metropolitan areas, and that the defendant received "voluminous" consumer complaints about similar text messages received from the defendant "could only be achieved via an [ATDS] sufficient to support a reasonable inference that . . . such a system" was utilized); *Maier v. J.C. Penney Corp.*, Civ. A. No. 13-163, 2013 WL 3006415, at *4 (S.D. Cal. June 13, 2013) (finding pleading based on single unsolicited and impersonal text message sent via "short code" sufficient for TCPA claim); *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d at 1260 (finding that presence of a "short code" was a factor indicating ATDS use despite preexisting personal relationship between parties); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) (finding that impersonal nature of messages, number of messages, "short code" sending number, and lack of relationship with plaintiff all supported inference of ATDS use).

Here, Deleo only alleges he "never consented to receive text messages from the NRSC" (ECF No. 17 ¶ 15), that "[the NRSC] sent text messages to [Deleo]'s cell phone for the purpose of soliciting campaign donations on at least seventeen (17) unique instances" (*id.* ¶ 17), the "text messages were generic and obviously pre-written" (*id.* ¶ 18), and "upon information and belief, the dialing system used by Defendant has the capacity to call or store numbers using a random or sequential number generator" (*id.* ¶ 26). While "courts permit the allegation of an automatic system to be pled on information or belief," *Norman,* 2017 WL 1330199, at *3, Deleo must offer "at least some [] detail regarding the content of the messages or calls, thereby rending the claim that an ATDS was used more plausible." *Aikens*, 2015 WL 5818911, at *3. The Amended Complaint does not identify a short code sending number or indicate prior relationship with the sender, *see Zemel*, 2018 WL 6242484, at *4; *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d at 1260; *Davis v. D.R. Horton*, Civ. A. No. 19-1686, 2020 WL 1244848, at *2 (D. Del. Mar. 16, 2020), nor does the Amended Complaint indicate an inability to respond or interact with the messages, assert the text messages came from a non-working number, or claim the text messages contain a reply feature that generates an automatic response. While Deleo vaguely alleges the text messages were "generic and obviously pre-written" (ECF No. 17 ¶ 18), he does not allege identical messages were sent to other potential customers or identify the specific content of the messages that raise a reasonable inference an ATDS was used. *See Legg*, 990 F. Supp. 2d at 1354. The allegations in the Amended Complaint amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Without more, Deleo has not alleged sufficient factual content to "nudge[]" his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 569. Because Deleo fails to offer sufficient factual content to render his claim that

NRCS used an ATDS more plausible, the allegations in Amended Complaint are insufficient to state a TCPA claim.

Notably, the Supreme Court's recent decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), further undermines any reasonable inference the NRSC used an ATDS. In *Duguid*, the Supreme Court clarified the scope of devices that qualify as an ATDS under the TCPA. *Id.* The Supreme Court defined an ATDS as a device with the capacity to either "store a telephone number using a random or sequential number generator, or [] produce a telephone number using a random or sequential number generator." 141 S. Ct. at 1167. According to the Supreme Court, merely alleging the defendant used a system that automatically dials phone numbers from a stored list does not meet the definition of an ATDS under the TCPA as contemplated by Congress. *Id.* at 1171.

In the Amended Complaint, Deleo alleges the NRSC "uses dialing technology, which calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers." (ECF No. 17 ¶ 25.) The allegation of a "stored list" is the exact characterization of an ATDS that the Supreme Court rejected in *Duguid*. 141 S. Ct. at 1171. Deleo also alleges "[o]n [the] NRSC's website, the organization concedes that its communications are 'recurring autodialed marketing messages.'" (ECF No. 17 ¶ 20.) However, the full context of the allegation Deleo quotes from the NRSC's website is: "By participating, you agree to the terms & privacy policy (55404-info.com) for recurring autodialed marketing messages from NRSC to the phone number you provide." (*Id.*) An allegation that the NRSC's recurring autodialed marketing messages are sent "to the phone number you provide" does not qualify as a ATDS device that stores or produces a "telephone number using a random or sequential number generator." Such allegations do not render the claim an ATDS was used more plausible.

Therefore, the Court finds Deleo has not pled allegations sufficient to create a reasonable

inference an ATDS was used in violation of the TCPA. Because the Court determined Deleo's

claim fails for not adequately alleged an ATDS was used in violation of the TCPA, it need not

address the NRSC's argument that Deleo insufficiently identify the NRSC as the sender of the text

messages in question.[5] Accordingly, the NRSC's motion to dismiss Deleo's § 227(b) claim

pursuant to Rule 12(b)(6) is **GRANTED.**

### 2.    § 227(c) of the TCPA

The NRSC argues Deleo's § 227(c) claim must be dismissed because political calls are

exempt from the restrictions on calls to people in the Do Not Call Registry. (ECF No. 20 at 4.)

Deleo argues the NRSC only raises its contention with the § 227(c) claim in a footnote and

---

[5] Other courts have dismissed claims where the plaintiff fails to plead facts justifying the call or text message came from the defendant. *See Vision Solar I*, 2020 WL 5632653, at *3 ("In a TCPA case, the plaintiff must plead facts to justify that a call came from the defendant."); *Smith v. Direct Bldg. Supplies, LLC*, Civ. A. No. 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (dismissing complaint where the plaintiff "provides no details specifying how [the plaintiff] knew that [the defendant] in fact placed these calls"); *Camunas v. Nat'l Republican Senatorial Comm.*, Civ. A. No. 21-1005, 2021 WL 2144671, at *4 (E.D. Pa. May 26, 2021) (finding the amended complaint "does not quote or otherwise describe the content of the alleged messages in a way that indicates the NRSC, rather than another individual or organization, sent the messages"). Deleo alleges the NRSC sent the text messages but does not attribute the phone number of the sender to the NRSC or allege the text messages were sent on behalf on the NRSC. Moreover, the text messages Deleo received were sent from different phone numbers, none of which Deleo alleges were registered or belong to the NRSC or a representative on behalf of the NRSC. However, in the exhibits attached to the Amended Complaint, a review of the text messages at issue indicates that the NRSC is referenced in the body of the texts. (*See* Ex. A, ECF No. 17 (stating "VOTE NOW to register your support: https://nrsc.news/2TkznJa").); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (finding on a Rule 12(b)(6) motion, the Court may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Accepting all factual allegations in the Amended Complaint as true and drawing all inferences in the light most favorable to Deleo, the Court cannot conclude that Deleo fails to allege the NRSC sent the text messages in question.

"[b]ecause no motion or fleshed out argument has been made in regard to this purported exemption, [Deleo] has little to which he can truly respond." (ECF No. 22 at 17.)

"To state a claim for a violation of this subsection, plaintiffs 'must plead that (1) they receive[d] multiple calls within twelve months, (2) by or on behalf of the same entity, (3) on a residential phone registered on the [Do Not Call] List.'" *Camunas*, 2021 WL 2144671, at *6 (quoting *Smith v. Vision Solar LLC*, Civ. A. No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020)); *Huber v. Pro Custom Solar, LLC*, Civ. A. No. 19-01090, 2020 WL 2525971, at *2 (M.D. Pa. May 18, 2020)); *Smith*, 2021 WL 4623275, at *4. Here, because political organizations are exempt from the Do-Not-Call-Registry's restriction, and because the Amended Complaint identifies the NRSC as a political organization (ECF No. 17 ¶ 13), Deleo cannot maintain a claim under § 227(c) of the TCPA. *See Libby v. Nat'l Republican Senatorial Comm.*, Civ. A. No. 21-197, 2021 WL 4025798, at *4 (W.D. Tex. July 27, 2021); *Mainstream Mktg. Servs. v. FTC*, 358 F.3d 1228, 1234 (10th Cir. 2004) ("The national do-not-call registry's restrictions apply only to telemarketing calls made by or on behalf of sellers of goods or services, and not to charitable or political fundraising calls.") (citing 16 C.F.R. §§ 310.4(b)(1)(iii)(B), 310.6(a); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(9)); *see also* The Do Not Call Registry, Federal Trade Commission, https://www.ftc.gov/news-events/media-resources/do-not-call-registry (last visited October 13, 2021).

Moreover, although Deleo argues "no motion or fleshed out arguments [have] been made" in regard to the political organization exemption under § 227(c), the Court disagrees. Deleo could have contested the argument in his opposition but chose not to. To the extent Deleo cites *Bennett v. Veteran Aid PAC*, Civ. A. No. 21-340, 2021 WL 3287704 (E.D. Tex. Aug. 2, 2021) in support of his position that political organizations are not exempt from § 227(c) of the TCPA, the Court

finds the argument unpersuasive. In *Bennett,* the court only offered a one-sentence analysis "find[ing] that Plaintiff has stated plausible claim for purposes of defeating a Rule 12(b)(6) motion." *Id.* at *2. There was no further analysis as to the reasoning or explanation for the ruling. Further, to the extent Deleo relies on *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020), in support of his § 227(c) claim, Deleo's reliance is misplaced. In *Barr*, the issues raised concerned a § 227(b) claim, and the Supreme Court did not address § 227(c) claims or the Do-Not-Call Registry. *See* 140 S. Ct. at 2345. Accordingly, the NRSC's motion to dismiss Deleo's § 227(c) claim pursuant to Rule 12(b)(6) is **GRANTED.**

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED.** Deleo's Count I for violation of § 227(b) of the TCPA is **DISMISSED without PREJUDICE**, and Count II for violation of § 227(c) of the TCPA is **DISMISSED with PREJUDICE**.[6] Deleo has thirty (30) days to file a Second Amended Complaint. Failure to do so will automatically turn dismissals without prejudice into dismissals with prejudice. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  November 1, 2021

---

[6] The Court notes "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). The Court finds dismissal with prejudice is proper here because the NRSC is exempt from claims under §227(c) of the TCPA, and therefore, unlikely Deleo can amend his complaint to cure the deficiency. *Credico v. CEO Idaho Nat. Lab'y*, 461 F. App'x 78, 79 (3d Cir. 2012) (affirming district court's dismissal of plaintiff's complaint "without . . . leave to amend as any amendment would have been futile"); *Redmond v. Fresh Grocers Store*, 402 F. App'x 685, 686 (3d Cir. 2010) (same).